1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NATHAN WEBSTER,                          No.  2:24-cv-1479 AC P

12                 Plaintiff,

13        v.                                  ORDER

14   FLETCHER, et al.,

15                 Defendants.

16

17        Plaintiff is a former county inmate who filed this civil rights action pursuant to 42 U.S.C.

18   § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for

19   this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot

20   afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

21   proceed in forma pauperis will be granted.

22        I.     Statutory Screening of Prisoner Complaints

23        The court is required to screen complaints brought by prisoners[1] seeking relief against "a

24   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

25   The federal in forma pauperis statute also authorizes federal courts to dismiss a case if the action

26   "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

27   ───────────────────────

28   [1]  Plaintiff was incarcerated at the time he filed his lawsuit but has since been released based upon
     his recent notice of change of address.  ECF No. 9.

1

1  seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

2  § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is

4  based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989).

8         In order to avoid dismissal for failure to state a claim a complaint must contain more than

9  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

10  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

13  court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

14  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

15  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

16  considering whether a complaint states a claim, the court must accept the allegations as true,

17  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

18  favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

19      II.     Factual Allegations of the Complaint

20         The complaint alleges that defendants Fletcher and Patterson violated plaintiff's rights[2]

21  when Fletcher handcuffed him behind his back on the floor and Patterson tased him without

22  provocation after he was already restrained.  ECF No. 1 at 2.

23      III.    Claims for Which a Response Will Be Required

24         After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that

25

26  [2]  Plaintiff does not provide any information regarding his custody status at the time of the use of
force.  It is therefore unclear whether the Fourth, Eighth, or Fourteenth Amendment governs the

27  claims.  The court will therefore screen the complaint using the less rigorous reasonableness
standard.  If plaintiff chooses to amend the complaint, he should be sure to include information

28  regarding his custody status at the time of the use of force.

plaintiff has adequately stated a valid claim for excessive force against defendant Patterson.

IV.     Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief against Fletcher.  There are no facts demonstrating that Fletcher used unreasonable or excessive force when handcuffing plaintiff or that he was aware that Patterson was going to tase plaintiff and allowed it to happen.  It appears to the court that plaintiff may be able to allege facts to fix these problems.  Therefore, plaintiff has the option of filing an amended complaint.

V.     Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant Patterson on the excessive force claim.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendant Fletcher.  The court will proceed to send plaintiff service documents to complete so that the complaint can be served on defendant Patterson.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV against defendant Fletcher.  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated a claim for excessive force against Patterson, but you have not alleged enough facts to show that Fletcher used excessive force against you or failed to protect you from Patterson.

You have a choice to make.  You may either (1) proceed immediately on your excessive force claim against Patterson and voluntarily dismiss all claims against Fletcher; or (2) try to amend the complaint.  To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief.  See Attachment A.  Pay

3

particular attention to these standards if you choose to file an amended complaint.

<u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 5, 7) are GRANTED.

2.  Plaintiff's claims against defendant Fletcher do not state claims for which relief can be granted.

3.  Plaintiff has the option to proceed immediately on his excessive force claim against defendant Patterson as set forth in Section III above, or to file an amended complaint.

4.  Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

5.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendant Fletcher.

DATED: November 18, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NATHAN WEBSTER,                          No.  2:24-cv-1479 AC P

12            Plaintiff,

13        v.                                  NOTICE OF ELECTION

14   FLETCHER, et al.,

15            Defendants.

16

17        Check one:

18   _____  Plaintiff wants to proceed immediately on his excessive force claim against defendant

19        Patterson without amending the complaint.  Plaintiff understands that by choosing this

20        option, the claims against defendant Fletcher will be voluntarily dismissed without

21        prejudice pursuant to Federal Rule of Civil Procedure 41(a).

22

23   _____  Plaintiff wants time to file an amended complaint.

24

25   DATED:_____

26                                  _____
                                    Nathan Webster
27                                  Plaintiff pro se

28

                                    1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.      Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.     Legal Standards Governing Substantive Claims for Relief

A.  Fourth Amendment: Excessive Force During Arrest and Failure to Protect

Claims that law enforcement officers used excessive force during an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard.  Graham v. Connor, 490 U.S. 386, 395 (1989).  Thus, courts evaluating excessive force claims ask whether the officer's actions were objectively reasonable based on the information the officer had when the force was used. Id. at 397.  The right to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof," thus not every use of physical force violates the Fourth Amendment.  Graham, 490 at 396.  "'[P]olice officers have a duty to intercede when their fellow

1

officers violate the constitutional rights of a suspect or other citizen.'  Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." Cunningham v. Gates, 229 F.3d 1271, 1289 (internal citations omitted).

      B.  Fourteenth Amendment: Excessive Force Against a Pretrial Detainee and Failure to Protect

      Under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015).  "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case'" and must be determined "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."  Id. at 397 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. at 397.  To state a claim for failure to protect under the Fourteenth Amendment, plaintiff must allege facts showing

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

      C.  Eighth Amendment: Excessive Force Against a Convicted Prisoner and Failure to Protect

      The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain."  Whitley v. Albers, 475 U.S. 312, 319 (1986).   "[W]henever prison officials stand accused

of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillan, 503 U.S. 1, 7 (1992).  The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (1992) (quotation marks and citations omitted).  While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment.  Whitley, 475 U.S. at 327.  In order to be liable under the Eighth Amendment for failure to protect, a prison officials "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  He must then fail to take reasonable measures to lessen the substantial risk of serious harm.  Id. at 847.  Negligent failure to protect an inmate from harm is not actionable under § 1983.  Id. at 835.