UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN WEBSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>FLETCHER, et al.,<br><br>    Defendants. | No. 2:24-cv-1479 AC P<br><br><br>ORDER |

On August 8, 2025, defendant filed a motion to dismiss. ECF No. 21. Defendant has now filed a "Notice of Plaintiff's Status" indicating that according to s Shasta County Sheriff's Office press release, plaintiff died on September 14, 2025. ECF No. 26.

Federal Rule of Civil Procedure provides a process applicable after a party to a civil action has died. Of relevance here, it provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a). If the decedent's successor or representative does not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Id. Under California law—which federal courts apply in determining survival of a claim under 42 U.S.C. § 1983—a cause of action against a person is generally not extinguished by that person's death. Cal. Civ. Proc. Code § 377.20(a); see Robertson v. Wegmann, 436 U.S. 584, 590 (1978).

////

1

The Ninth Circuit has explained that Rule 25 requires two affirmative steps to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted); see Fed. R. Civ. P. 25. Under Barlow, defendants have some obligation to identify plaintiff's representative or successor and to serve the notice of death on that party.

Considering the "Notice of Plaintiff's Status," defendant's motion to dismiss will be vacated. Defendants will be ordered to provide the court with a formal notice of plaintiff's death and to serve that notice on plaintiff's representative or successor. After the period for substitution, defendant may file a motion to dismiss pursuant to Rule 25(a).

Accordingly, IT IS HEREBY ORDERED that:

1. In light of the "Notice of Plaintiff's Status" (ECF No. 26), defendant's motion to dismiss (ECF No. 21) is vacated.

2. Within fourteen days of the date of this order, defendant shall fill with the court a formal notice of plaintiff's death.

3. Within thirty days of the date of this order, defendant shall serve a formal notice of plaintiff's death on plaintiff's representative or successor in interest and file a certificate of service with the court.

DATED: September 23, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2